# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

Case No.: _____

YAGUANG DAI & YIYANG DAI,

    Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

Removed from Circuit Court
of Orange County, Florida
CASE NO.: 2021-CA-10836

## NOTICE OF REMOVAL

Defendant National Specialty Insurance Company (hereinafter "NSIC" or "Defendant"), by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2021-CA-10836, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1.    On November 12, 2021, Plaintiffs Yaguang Dai and Yiyang Dai (hereinafter "Plaintiffs") filed Plaintiffs' Complaint (hereinafter "Plaintiffs' Complaint" or "Exhibit A") against Defendant NSIC in the Circuit Court of Orange County, Florida. *See Plaintiffs Complaint, attached hereto as "Exhibit A."*

2. Plaintiffs allege Defendant issued an insurance policy in favor of its insureds, Plaintiffs, for an insured property located at 7714 Pointe Venezia, Orlando, Florida 32836 ("Plaintiffs' Property"), which is within Orange County, Florida. *Id.* at ¶ 6.

3. Plaintiffs allege they suffered a loss on June 21, 2021, and that Defendant denied the claim in full and thereby breached the insurance contract when it failed to pay for Plaintiffs' allegedly covered damages to the roof and interior (to include water and mold damages). *Id.* at ¶¶ 8-10.

4. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

6. Plaintiffs' Complaint only alleges damages that exceed Thirty Thousand Dollars ($30,000), sufficient for the jurisdiction of Florida's circuit courts. *Id.* at ¶ 3.

7.     Also, Plaintiffs' Complaint is silent as to the citizenship of the parties although the Plaintiffs did admit they were "residents of the State of Florida, residing in Orange County." *Id.* at ¶ 1.

8.     Therefore, as originally filed, this action was not removable to federal court.

9.     28 U.S.C. § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. "For diversity purposes, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1)." *World Fuel Servs. V. Pan Am World Airways Dominicana, S.A. (Pawa Dominicana) Corp.,* No. 18-20321-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 65426, at *7-8 (S.D. Fla. Apr. 17, 2018.)

10.    Defendant NSIC is a Texas corporation with its principal place of incorporation in Bedford, Texas. *See Exhibit B – Foreign Corporation Annual Report.*

11.    Therefore, Defendant NSIC is a citizen of the state of Texas.

12.    On March 8, 2021, Plaintiffs efiled Plaintiffs' Responses to Defendant's Diversity Jurisdiction Request for Admission and Interrogatories. *See Exhibit C - Plaintiffs' Response to Defendant's Federal Diversity Jurisdiction Request for Admissions and Interrogatories*.

13. In Section I, Request for Admission 1, of Exhibit D, Plaintiffs admit that Plaintiff Yiyang Dai is a full-time resident of Florida and the property in question, while Plaintiff Yaguang Dai identifies the property as his permanent residence but has been unable to travel back to the United States at this time from China due to Covid restrictions. *See Exhibit C- Plaintiffs' Response to Defendant's Federal Diversity Jurisdiction Request for Admissions and Interrogatories.*

14. In Section II, Requests for Admission 1 & 2, of Exhibit D, Plaintiffs admitted that the amount of damages Plaintiffs are seeking in this matter, both exclusive and inclusive of statutory attorneys' fees, and exclusive of costs, greater than Seventy-Five Thousand Dollars and No Cents ($75,000.00).

15. Since there is complete diversity between Plaintiffs, citizens of Florida, and Defendant, a citizen of the state of Texas, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441(a).

16. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added)

17. 28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

18. Defendant was served with Plaintiffs' Responses to Defendant's Diversity Jurisdiction Requests for Admission and Interrogatories establishing the amount in controversy (and the citizenship of the Plaintiffs) on March 8, 2022. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the complaint on Defendant.

19. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case was filed in the Nineteenth Judicial Circuit in and for Orange County, Florida.

20. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Orange County, Florida, Case No.: 2021-CA-10836, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Orange County, Florida, Case Case No.: 2021-CA-10836, are attached hereto.

21. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is included within other state court documents attached hereto.

**WHEREFORE** Defendant NSIC respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: April 6, 2022                              Respectfully submitted,

                        By:    */s/ Tamara A. Greer*
                               Tamara A. Greer (Fla. Bar No. 104732)
                               Brian P. Henry (Fla. Bar No. 89069)
                               ROLFES HENRY CO., LPA
                               3191 Maguire Boulevard, Suite 160
                               Orlando, Florida  32803
                               Telephone:  (407) 284-4990
                               Email: tgreer@rolfeshenry.com
                                           jamador@rolfeshenry.com
                                           bhenry@rolfeshenry.com
                                           kdeglman@rolfeshenry.com
                                           orlandoclerk@rolfeshenry.com

                               *Attorneys for Defendant*
                               *National Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has

been served by automatic service by the Court's e-filing system, on this 6th day of April 2022:

Grant W. Krapf, Esq.
Krapf Legal, P.A.
2790 Sunset Point Rd.
Clearwater, FL 33759
Emails:     grant@krapflegal.com
            assist@krapflegal.com

*Attorney for Plaintiffs*

                                            */s/ Tamara A. Greer*
                                            Tamara A. Greer (Fla. Bar. No. 1004732)